JAP

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**M11-460**

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

KLARA RAYYMKULOVA

        Defendant.

- - - - - - - - - - - - - - - - -X

C O M P L A I N T
(18 U.S.C. § 201(b)(1)(A))

EASTERN DISTRICT OF NEW YORK, SS:

        CHRISTOPHER ROMMENEY, being duly sworn, deposes and states that he is a Special Agent with the United States Department of Homeland Security, Office of Professional Responsibility, ("HSI-OPR"), duly appointed according to law and acting as such.

        Upon information and belief, on or about May 1, 2011, within the Eastern District of New York, defendant KLARA RAYYMKULOVA did knowingly and intentionally, directly and corruptly, give, offer and promise something of value, to wit: United States currency, to a public official acting on behalf of an agency of the United States, to wit: Customs and Border Protection ("CBP"), with the intent to influence such public official to commit and aid in committing a fraud on the United States, to wit: immigration fraud.

        (Title 18, United States Code, Sections 201(b)(1)(A)).

2

The source of your deponent's information and the grounds for his belief are as follows:[1]

1. I am a Special Agent with HSI-OPR and have been involved in previous bribery investigations. I am familiar with the facts and circumstances set forth below from my participation in the investigation; my review of the investigative file; and from reports of other law enforcement officers involved in the investigation.

2. On May 1, 2011, the defendant KLARA RAYYMKULOVA, A citizen of Russia, arrived at John F. Kennedy International Airport, in Queens, New York, aboard Turkish Airlines Flight #1 from Istanbul, Turkey. KLARA RAYYMKULOVA was traveling with her adult daughter and an adult male, and possessed a B1-B2 non-immigrant visa. One of the documents the defendant presented to CBP inspectors included a business invitation letter that looked fraudulent. Specifically, the date on the letter appeared to have been changed and the letter referred to the defendant as a male. Further, the phone number listed for the business was disconnected.

3. When questioned about the business letter by a Russian speaking CBP inspector, the defendant admitted that the letter was fraudulent and she paid for the letter. She

---

[1] Because the purpose of this Complaint is to state only probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

3

subsequently requested political asylum. During the processing, which included a counting of the defendant's cash,[2/] the defendant offered the Russian speaking CBP inspector an unspecified amount of money to remain in the United States. The CBP inspector terminated the interview and advised supervisors of the defendant's offer.

   4. Acting in an undercover capacity, I then met with the defendant. The meeting was recorded. The Russian speaking CBP inspector accompanied me and acted as a translator.

   5. The defendant KLARA RAYYMKULOVA again reiterated her offer of money to remain in the United States and offered $5,000 for her release. She stated she would pay me $5,000 now. She further promised an additional $5,000 for her daughter's release that she would send from Russia.

---

[2/] The defendant had approximately $5,150 United States currency in her personal possession.

4

WHEREFORE, your deponent respectfully requests that the defendant KLARA RAYYMKULOVA be dealt with according to law.

_____
CHRISTOPHER ROMMENEY
Special Agent
HSI-OPR

Sworn to before me this
2nd day of May, 2011